SWIM *v.* BREWSTER.

Opinion delivered October 8, 1928.

*Brockman & Reid*, for appellant.
*Rowell & Alexander*, for appellee.

KIRBY J. This appeal is prosecuted from a judgment of foreclosure of a deed of trust made by appellant and her husband to a trustee to secure an indebtedness to Garland Brewster, appellee.

The testimony shows that Swim, husband of appellant, was a contractor and builder, was awarded a contract to construct a brick building on property in Pine Bluff on the Rutherford estate, upon his bid of $15,600, and, being unable to furnish a bond, appealed to Brewster, who had assisted him before, and to whom he was then indebted in the sum of $9,000 or $10,000. Brewster refused to furnish the bond or finance the contractor, unless he should be assured against loss. Swim urged

his wife, appellant herein, to mortgage her homestead to Brewster and obtain the necessary aid for him. She first refused to execute the mortgage, and it appeared that Swim could not carry out the contract. A few days afterwards Brewster met Mr. and Mrs. Swim on the street in Pine Bluff, and again the matter of security for Swim for performance of the contract was raised. Brewster and J. J. Swim, husband of appellant, insisted it was her duty to assist her husband, and Brewster agreed, if she would execute the mortgage, he would furnish indemnity for Swim's bond and finance the job. She finally agreed to execute the mortgage, and, according to Brewster's statement, the deed of trust sued on was prepared, with a note for $6,000 payable to him, secured by it, and delivered to Mrs. Swim, who refused to sign it until she had had another day to think it over. It was later returned to him by Swim, after being executed by appellant.

Brewster testified he told Swim, the contractor, during the negotiations for having him execute the bond of indemnity in order to have the surety company make the contractor's bond, that he was no longer in the brick business or furnishing building supplies, and would not assist him in making the bond unless he was secured for the past due indebtedness from Swim, amounting to over $9,000. Brewster and Swim then talked to Mrs. Swim on the street, and told her the condition, and that he would not help Swim to make the bond and procure the contract unless he was secured by a mortgage on her homestead. He testified that he tried to explain to her, and thought she understood that the mortgage was executed to secure the past due indebtedness.

She testified that she had refused to execute any mortgage for any past due indebtedness of her husband, Swim; that Brewster knew this; that no mention whatever was made in the conversation with Brewster about the execution of the mortgage of its being to secure any past due indebtedness; that she would not have executed it at all if she had understood that it was to secure any such indebtedness.

J. J. Swim, her husband and the contractor, who is no longer living with his wife, the parties having separated before the bringing of the suit, testified that nothing was said in the conversation between Mr. Brewster and his wife, when she agreed to the execution of the mortgage, about its being to secure his past due indebtedness to Brewster.

Appellant testified that she got Brewster's letter, written the day after the execution of the mortgage, informing her that she had executed a mortgage for $6,000 to secure the payment of her husband's past due indebtedness, and that the indebtedness might be renewed and foreclosure not insisted upon for a certain length of time, if the interest was met, etc. She immediately complained to her husband, who assured her that there was some mistake about it, and that the mortgage was only intended to cover or indemnify Mr. Brewster against any loss he might sustain by reason of having signed his contractor's bond, and that no loss could occur nor any liability attach to the property if he performed the contract and constructed the building in accordance with its terms.

Brewster explained this writing to the appellant by saying that Swim, her husband, had insisted that she was worried about the probable liability under the mortgage, and wanted to be assured that there would be no foreclosure of the mortgage with any unreasonable haste.

The building contract was performed without any loss to Brewster, appellee, by reason of his having indemnified the surety on the contractor's bond.

Appellant defended against the suit to foreclose, denying having executed the $6,000 note at all, and alleging that the mortgage was procured by false and fraudulent representations, was intended only to secure any liability that might be incurred by Brewster on account of signing the bond to indemnify the surety company for making Swim's contractor's bond, and was on that account void; and prayed for its cancellation. From the decree of foreclosure this appeal is prosecuted.

Appellant urges that the decree is not supported by the testimony, and is contrary to and in conflict with the preponderance of the evidence. An executed conveyance will not be canceled, unless the ground for cancellation is established by evidence that is clear, unequivocal and decisive. *McCracken* v. *McBee*, 96 Ark. 251, 131 S. W. 450.

The majority of the court are of opinion, after a careful review of the testimony, that it did not meet this requirement of the rule and warrant cancellation of the mortgage for fraud, and that the chancellor did not err in so holding. The decree will accordingly be affirmed. It is so ordered.